**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID T. WARREN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-01116-GMN-GWF |
| vs. ) | |
| ) | **ORDER** |
| THE SHAW GROUP, INC., STONE & ) | |
| WEBSTER CONSTRUCTION, INC., and ) | |
| INTERNATIONAL BROTHERHOOD OF ) | |
| ELECTRICAL WORKERS (I.B.E.W.), ) | |
| LOCAL #357, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendants The Shaw Group Inc. and Stone & Webster Construction, Inc.'s (collectively "Stone & Webster") Motion for Summary Judgment (ECF No. 20).  Plaintiff David T. Warren filed a Response (ECF No. 24) and Stone & Webster filed a Reply (ECF No. 29).

Also before the Court is Defendant International Brotherhood of Electrical Workers Local #357's ("I.B.E.W.") Motion for Summary Judgment (ECF No. 21).  Plaintiff filed a Response (ECF No. 30) and I.B.E.W. filed a Reply (ECF No. 32).

**FACTS**

The subject of this suit is a religious discrimination claim brought by Plaintiff Warren because he was terminated from employment when he refused to provide his social security number to drug-testing personnel.  Plaintiff claims to hold a religious belief that social security numbers are the "sign of the beast" as described in the last book of the Bible, Revelation. (Complaint ¶ 5, ECF No. 1; Resp. 1:24–28, ECF No. 24.)  As such he refuses to give out his social security number for any purpose other than employment for tax purposes. (Compl. at ¶

6.) On or about January 22, 2010, Plaintiff began employment with Defendant The Shaw Group, Inc. d/b/a/ Stone & Webster Construction, Inc.[1] (*Id.* at ¶9.)  Plaintiff is a member of the International Brotherhood of Electrical Workers Local #357. (*Id.* at ¶7.)  Plaintiff was required to undergo a drug test as a condition of such employment. (*Id.* at ¶10.)  Stone & Webster used a third-party vendor to administer the drug test. (Jones Decl. ¶ 6, ECF No. 21-1.)  The third-party vender uses social security numbers to keep track of patient's lab tests. (MSJ, Ex. 2, On-Site Custody and Control Form, ECF No. 20.)  Plaintiff refused to divulge his social security number to the third-party vendor. (Compl. at ¶12.) Plaintiff did not protest when he provided his social security number to Stone & Webster just a short time before on his application. (Warren Depo. at 37:23–38:2; MSJ, Ex. B, Job Application, ECF No. 21-3.)  Plaintiff testified that he refused to provide his social security number to the drug-testing personnel because "number one, they don't need it; number two, there's no law bearing the fact that they could ever possibly use it." (Warren Depo. at 37:13-16.)

The mandatory drug test did not take place because of Plaintiff's refusal to provide his social security number. (Jones Decl. at ¶8.)  Plaintiff was advised that his refusal to provide his social security number would amount to him refusing to submit to a drug test and therefore could not be hired for the job. (Warren Depo. at 54:25–55:9.) However Plaintiff still refused to cooperate.

Plaintiff filed the instant suit alleging one cause of action against Stone & Webster and I.B.E.W.: religious discrimination in violation of Title VII of the Civil Rights Act of 1964.

## DISCUSSION

### A.  LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the

---

[1] Plaintiff's Complaint states the date as January 28, 2010; however, Plaintiff's testimony at his depositions states the date as January 21, 2010.  Plaintiff's employment application states the date as January 22, 2010.

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a).  A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis.  "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).  In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.  If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

*Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**B.    ANALYSIS**

Plaintiff alleges that Stone & Webster Construction and I.B.E.W. engaged in religious discrimination when they did not make any exceptions for him when he refused to provide his social security number to the drug vendor.  Title VII makes it unlawful for an employer "to discharge any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1).  Title VII defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

Title VII religious discrimination claims are analyzed under a two-part framework. First, the employee must establish a *prima facie* case by proving that 1) he had a bona fide religious belief, the practice of which conflicted with an employment duty; 2) he informed his employer of the belief and conflict; and 3) the employer threatened him with or subjected him to discriminatory treatment, including discharge, because of his inability to fulfill the job requirements. *Tiano v. Dillard's Department Stores, Inc.*, 139 F.3d 679, 681 (9th Cir. 1998)

(citing *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)).

If the employee proves a prima facie case, then the burden shifts to the employer to show that it initiated good faith efforts to accommodate the employee's religious practices, or that it could not reasonable accommodate the employee without undue hardship. *Id.* at 681–82.

The Court finds that Plaintiff has failed to provide evidence of a prima facie case of discrimination. Defendants have provided Plaintiff's deposition testimony and several statements from witnesses to challenge Plaintiff's allegations. It is then incumbent on the nonmoving party, here Plaintiff, "to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.*; Fed. R. Civ. P. 56(e). Plaintiff has provided zero evidence with his opposition and instead only offers arguments against summary judgment in his Responses. A party cannot create a genuine issue of material fact simply by making assertions in his legal memoranda. *S.A. Empresa v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982).

Regardless, a court cannot enter summary judgment without considering the sufficiency of the evidence. *See In re Rogstad*, 126 F.3d 1224 (9th Cir. 1997). Therefore the Court will examine the evidence before it to determine if there is a genuine issue of material fact for trial.

1.   Prima Facie Proof of Discrimination

Defendants first challenge Plaintiff's allegation that he has a bona fide religious belief that his social security number is the mark of the beast. They challenge his sincerity because Plaintiff's use of his social security number appears to be inconsistent. Plaintiff testified at his deposition that he has provided his social security number to various employers over the years for tax purposes. (Warren Depo. at 18:10–18.) He testified that he provided his social security number on an I-9 form and other tax forms. (*Id.* at 19:13–15.) Defendants argue that Plaintiff *would have needed* to provide his social security number on many occasions to (1) get a

Nevada driver's license, (2) apply for credit, (3) obtain loans, (4) obtain bank accounts, and (5) to secure a mortgage, among other reasons. (*Id.* at 18:14–18; 19:10–15; 22:16–23:1; 23:2–4, 8–15; 110:25–111:9; 115:21–116:5; and 118:9–12). However, the actual questioning at the deposition did not ask Plaintiff if he used his social security number to obtain the items listed. Regardless, during his deposition, Plaintiff did admit that he used the social security number to obtain his driver's license.[2] (*Id.* at 110:25–111:9.)

Plaintiff also stated that the only reason he gives it to employers is for tax purposes and that he can't remember providing it on anything but the "tax form and the I-9 form." (Warren Depo. at 19:11–12.) He admitted that he can't control how the employer uses it afterwards. (Warren Depo. at 19:7–10.) However, even if the court accepts as true that Plaintiff only uses his social security number for employer tax purposes his use still appears inconsistent. Plaintiff put his social security number on his employment application just before his drug test. (Warren Depo. at 37:23–38:2; MSJ, Ex. B, Job Application, ECF No. 21–3.) The application itself is not a tax form, so it appears that Plaintiff was willing to provide it to his employers for the sake of being hired. Consequently, providing his social security number for the drug test was for 'employment purposes' because without the drug test Plaintiff could not start his job. Thus the only evidence before the court that Plaintiff has a bona fide religious belief not to use his social security number shows that Plaintiff's actual use of his number is inconsistent. The Court does not find that Plaintiff has created a genuine issue of fact regarding his bona fide religious belief.

Assuming Plaintiff does have a bona fide religious belief, Plaintiff also fails to demonstrate a genuine issue of fact for prong two: that he informed his employer of the belief and conflict. The Defendants provide evidence that Plaintiff never informed them of his religious belief. When Plaintiff was asked to submit to the drug screening he refused because "they don't need it [and] there is no law bearing the fact that they could ever possibly use

---

[2] Plaintiff claims that he only obtained the license to save his marriage however.

it."(Warren Depo. at 8:13–16.)  When asked at his deposition *why* Plaintiff didn't provide his social security number he stated "because I don't believe in providing my Social Security number to anybody." (*Id.* at 38:5–8).  At some point he also said that he wouldn't provide it because they can't guarantee against identity theft. (*Id.* at 10:4–5.)  Plaintiff claims that at some point he probably told the worker that "it's the mark of the beast." (*Id.* 11:3–6).  However, Plaintiff admitted that he never said that it was his "religious belief" not to use his social security number.

An employer has no duty to accommodate secular preferences, such as a fear of identity theft. *Tiano*, 139 F.3d at 682.  Plaintiff's own deposition testimony shows that he was not clear about why he would not provide his social security number.  Vague references to the "mark of the beast" would not put a reasonable person on notice that Plaintiff had a strongly held religious belief.  This, coupled with the many references to the fact that there is no law that requires it and that there is no way to protect against identity theft, leads to the conclusion that Plaintiff had a strongly held secular preference not to provide it.  No reasonable trier of fact would find that Plaintiff put the Defendants on notice that he had a strongly held religious belief not to provide his social security number.  Accordingly, the Court finds that Plaintiff has failed to demonstrate a prima facie case of religious discrimination as a matter of law.

## CONCLUSION

**IT IS HEREBY ORDERED** that The Shaw Group Inc. and Stone & Webster Construction, Inc.'s Motion for Summary Judgment (ECF No. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that International Brotherhood of Electrical Workers Local #357's Motion for Summary Judgment (ECF No. 21) is **GRANTED**.

DATED this 26th day of September, 2011.

_____
Gloria M. Navarro
United States District Judge